THE LAW OFFICE OF TROY P. OWENS, JR., A.P.C.
Troy P. Owens, Jr., Esq. (SBN 298649)
2400 Fenton Street, Suite 216
Chula Vista, CA 91914
Telephone: (619) 765-5000
Facsimile: (619) 599-8181
troyowens@troyowenslaw.com

Attorney for Defendant
JOSE ANGEL GONZALEZ RENTERIA

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

### (Hon. Jinsook Ohta)

|  |  |
|---|---|
| UNITED STATES OF AMERICA, | Case No.: 24CR0482JO |
| Plaintiff, | |
| vs. | **DEFENDANT'S SENTENCING MEMORANDUM** |
| JOSE ANGEL GONZALEZ RENTERIA, | |
| Defendant | Date: December 12, 2025<br>Time: 8:30 AM |

**TO: ADAM GORDON, UNITED STATES ATTORNEY; MARK S. LAURICELLA, ASSISTANT U.S. ATTORNEY; and JACOB COURTS, U.S. PROBATION OFFICER:**

The Defendant, JSOE ANGEL GONZALEZ RENTERIA ("Mr. Gonzalez Renteria"), by and through his attorney, Troy P. Owens, Jr., pursuant to Local Criminal Rule 32.1(a)(5), hereby files the following memorandum.

## I. INTRODUCTION

Given the totality of the circumstances, including the 18 U.S.C. § 3553(a) factors and the history and characteristics of the defendant as detailed below, Mr. Gonzalez Renteria submits the following memorandum in support of his request for a sentence of 60 months of custody, 3 years' Supervised release, and a $100 special assessment.

## II. INDIVIDUAL BEFORE THE COURT

The Offender Characteristics section of the Presentence Investigation Report (PSR ¶¶51-78) accurately reflect Mr. Gonzalez Renteria's personal characteristics. He is an uneducated, illiterate, Mexican fisherman who struggles to provide for his family. He and his partner have a 10-year-old son who suffers from kidney disease that requires medical procedures and a strict diet. Mr. Gonzalez Renteria works seasonally and makes the equivalent of $53.74 USD for every day that he works. When his work is in season, he is able to work approximately 3 weeks a month. Mr. Gonzalez Renteria has a history of doing whatever he can to survive and provide for his family.

## III. STATEMENT OF FACTS OF THE OFFENSE

The Offense Conduct section of the Presentence Investigation Report (PSR ¶¶3-23) accurately reflects the facts of the offense in this matter.

## IV. SENTENCING CONSIDERATIONS

In determining an appropriate sentence, the Court should consider the United States Sentencing Guidelines ("USSG" or the "Guidelines"), the sentencing factors in Title 18, United States Code, Section 3553(a), and any other factors pertinent to sentence.  Ultimately the Court's purpose remains to find a reasonable sentence under all of the circumstances that is sufficient, but not

greater than necessary, to accomplish the purpose of sentencing. *See* Title 18, USC, Section 3553(a). Applying those principles, both the Guidelines and the factors outlines in Section 3553(a) support a sentence of 60 months custody.

**A.    The Guidelines**

    1.    The Plea Agreement Summarized

In exchange for Mr. Gonzalez Renteria's guilty plea and waiver of his trial and most appellate rights, the parties have agreed to jointly recommend the following Base Offense Level, Specific Offense Characteristics, Adjustments and Departures (if applicable):

    i.    Base Offense Level ……………………………………………….38

    ii.    Pilot/Navigator/Captain………… ..……………………………..+2

    iii.    Safety Valve ………………………………………………………-2

    iv.    Acceptance of Responsibility ………………...……….……....-3

    v.    Zero Point Offender……………………………………….…...-2

    vi.    Appelate Waiver……………………………………………-2

    vii.    **Total Adjusted Offense Level………………………………31**

In addition, the parties have further agreed that Mr. Gonzalez Renteria may request or recommend additional adjustments and departures under the USSG and sentencing reductions under 18 U.S.C. section 3553.

    2.    Additional Recommended Adjustments, Departures, and Variances

    i.    *Mr. Gonzalez Renteria played a Minor Role*

In this case, Mr. Gonzalez Renteria was recruited to assist smugglers who were close to drowning in the middle of the ocean. Because of his knowledge of boats and the ocean, Mr. Gonzalez Renteria was carefully selected. He was offered life-changing money to rescue people. Mr. Gonzalez Renteria did not participate in planning, and had no idea what he was getting into. His mind was on the $15,000 USD that he would receive and how much of a difference that could make for his family. Mr. Gonzalez Renteria did not have knowledge of the

greater scheme of the criminal enterprise. He did not know drugs were involved when he accepted the position. He did not know about any smuggling activity. He only became aware of the mere possibility of illegal activity when he saw armed individuals at the drop off point. He had absolutely no decision-making authority and even felt as if he could not back out of the job. While the monetary gain that he sought was substantial to him, that does not change the fact that he was not an average participant in this scheme. He was a workhand. As such, Mr. Gonzalez Renteria should receive a 2-point reduction of his offense level under USSG 3B1.2(a).

       3.   <u>Advisory Guideline Range</u>

With the 2-point reduction for being a minimal participant, Mr. Gonzalez Renteria's Base Offense Level becomes a 34. After adding points for Mr. Gonzalez Renteria's piloting the boat (+2), Safety Valve (-2), Minor Role (-2), Acceptance of Responsibility (-3), Zero-Point Offender (-2), and Appellate Waiver (-2), Mr. Gonzalez Renteria ends up as a Total Offense Level ("TOL") of 19. At a TOL of 25 with a Criminal History Category I, Mr. Gonzalez Renteria's advisory guideline range is 57-71 months. *See* USSG, Sentencing Table.

**B.**   **<u>Factors Under Title 18, United States Code, Section 3553(a)</u>**

Under the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), *Rita v. United States*, 551 U.S. 338 (2007) and *Gall v. United States*, 552 U.S. 38 (2007), when imposing sentence on a criminal defendant the district court must first correctly calculate the advisory sentencing guideline range and then determine an appropriate sentence based on all of the factors set forth in 18 U.S.C. Section 3553(a). See *United States v. Carty*, 520 F.3d 984, 991-992 (9th Cir. 2008). After consideration of these factors, the statute directs the court to impose a sentence that is "sufficient, but not greater than necessary" to satisfy the purposes of sentencing set forth in subdivision (a)(2). The "parsimony

provision" represents the overarching command of the statute. *Kimbrough v. United States*, 552 U.S. 85 (2007).

After determining the proper advisory Guideline range, the Court must evaluate whether the sentence is substantively reasonable and comports with the purposes of sentencing. Specifically, federal law requires that the Court consider the following factors in imposing sentence:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

    a. to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    b. to afford adequate deterrence to criminal conduct;

    c. to protect the public from further crimes of the defendant; and

    d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

*See* Title 18, United States Code, Section 3553(a).

Applying these factors, it is evident that a variance under Section 3553(a) is warranted in this case to a sentence below the mandatory minimum.

1.  <u>Nature and Circumstances of the Offense</u>

Without question, the offense is serious. The importation of drugs into the United States has resulted in a countless number of deaths. However, Mr. Gonzalez Renteria did not knowingly conspire to import drugs. Mr. Gonzalez Renteria was never told exactly what he would be doing. He was told that he was going on a rescue mission. By the time he realized what was potentially going on, it was too late to turn around. Mr. Gonzalez Renteria saved the government time

and resources by accepting a plea agreement. Additionally, Mr. Gonzalez Renteria has been candid and forthcoming with information regarding his involvement in a post-arrest statement, probation interview, and Safety Valve debrief.

2.    <u>History and Characteristics of Mr. Gonzalez Renteria</u>

The history and characteristics of Mr. Gonzalez Renteria are documented as set forth in section II, Individual Before the Court, ***supra***, and the Presentence Report, and are incorporated herein by reference.  Mr. Gonzalez Renteria is not a sophisticated criminal. He is a 47-year-old man who is in the midst of his first introduction to the criminal justice system. The fact that he has no criminal history shows that he has been very careful to avoid participating in illegal activity. This is not always the case for someone who comes from poverty in a war-stricken area. Mr. Gonzalez Renteria has been able to overcome his childhood challenges and work as a productive member of society. Unfortunately, due to his living conditions, he yielded to the temptation of making $15,000 to rescue individuals. That decision landed him in jail and facing a lengthy prison sentence. He has learned from this entire experience.

3.    <u>Seriousness of the Offense, Respect for the Law, and Just Punishment</u>

As indicated above, Mr. Gonzalez Renteria readily recognizes the seriousness of his offense.  Based on all of the circumstances, however, the requested sentence adequately reflects the nature of the offense, promote respect for the law, and would provide a just punishment in light of all of the other circumstances surrounding this case.

Defendant's Sentencing Memorandum

4.      Deterrence

Since his arrest, Mr. Gonzalez Renteria has been away from the family that he has sacrified everything to provide for. His health is deteriorating in custody. His concern for his family grows by the day. Mr. Gonzalez Renteria's introduction to the criminal justice system has served the purpose for specific deterrence. However, in light of the need for general deterrence, a term in custody is recommended to avoid disparities in sentencing. A 60-month sentence is sufficient, but not greater than necessary, to achieve this end.

5.      Protecting the Public

In the present case no term of custody would be required to protect the public from Mr. Gonzalez Renteria. He does not have criminal ties, and has no desire to participate in any future criminal activity.

6.      Providing Vocational or Educational Training and Medical Care

Mr. Gonzalez Renteria is using the time that he is spending in custody to learn to read and write. He is also participating in religious classes. He hopes to return to his work as a fisherman upon his release. He also desires to work as a lifeguard and help to keep his community safe. He has learned that "everything that glitters is not gold." And that some opportunities are too good to be true. He will not fall victim to this trap again.

7.      Summary and Request for Variance

Nearly all of the sentencing factors under Section 3553(a) cut in favor of Mr. Gonzalez Renteria.  Thus, a variant sentence is recommended.

Defendant's Sentencing Memorandum

## V. RECOMMENDATION AND CONCLUSION

Mr. Gonzalez Renteria's eyes have been opened by his arrest and exposure to the courts; he has confirmed his understanding that a life of criminal activity and substance abuse is not his calling – but a life of family, of responsibility, of good example, and of honest work.  Considering the totality of the circumstances, Mr. Gonzalez Renteria respectfully requests that this Court impose a sentence of 60 months of custody, along with 3 years' Supervised Release, and a special assessment of $100.

Dated: December 3, 2025                Respectfully submitted,


                                       s/ Troy P. Owens, Jr., Esq.

                                       Attorney for Defendant
                                       JOSE ANGEL GONZALEZ RENTERIA